UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

CARLOS GABRIEL H. D.,

Petitioner,

v.

SCOTT FRAUENHEIM et al.,

Respondents.

No. 1:26-CV-05666-RLP

ORDER DISMISSING HABEAS PETITION

Before the Court is Petitioner Carlos Gabriel H.D.'s[1] ("Petitioner") petition for writ of habeas corpus, ECF No. 1. Petitioner is represented by counsel and

[1] The Court uses Petitioner's first name and last initial to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018),

challenges the lawfulness of his civil detention. He seeks immediate release, or alternatively a second bond hearing. In opposition, Respondents contend the petition should be dismissed because Petitioner did not exhaust his administrative remedies. The Court concludes that Petitioner is not excused from prudential exhaustion requirements and therefore dismisses the Petition without prejudice.

## BACKGROUND

Petitioner is a citizen of Venezuela who entered the United States on April 11, 2011, in Miami, Florida, as a temporary visitor for pleasure, with permission to remain until October 6, 2011. ECF No. 6-4 at 2. He has since resided continuously in the United States and is now 20 years old. ECF No. 1 at 2, 7.

According to Respondents, on February 3, 2026, Mr. H.D. was convicted of possession of a controlled substance marijuana/spice in violation of Utah State Code 58-37-8(2)(D), a misdemeanor, the West Jordan Justice Court in Salt Lake City, Utah. *Id.* However, the rap sheet submitted by Respondents indicates the disposition of the case was "diversion." ECF No. 6-3 at 8.

On February 20, 2026, Enforcement and Removal Operations officers conducting surveillance of Petitioner initiated a traffic stop, at which time he was

---

https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

taken into ICE custody. ECF No. 6-4 at 2. He is now detained at the Central Valley Detention Facility in McFarland, California. ECF No. 1 at 2.

There is no dispute that Petitioner is detained under 8 U.S.C. § 1226(a). Petitioner requested a bond hearing which was withdrawn on April 23, 2026. ECF No. 6-1. A second hearing occurred on May 11, 2026, and Petitioner was represented by counsel. The immigration judge denied bond after finding Petitioner poses a danger and explained his findings in a written memorandum. ECF No. 6-2. Petitioner appealed the bond denial to the Board of Immigration Appeals, ECF No. 1-1 at 38, which is pending.

Petitioner filed this petition for writ of habeas corpus and asserts he does not ask this Court to review the immigration's bond determination or re-weigh the evidence. Instead, Petitioner contends there are two questions of law at issue because: (1) the immigration judge violated the Fifth Amendment privilege against self-incrimination by compelling Petitioner's testimony and made his silence the basis for the danger finding; and (2) the danger finding is based on legal error and no reliable evidence because Petitioner was not "convicted" of any crime within the meaning of the INA. According to Petitioner, these are questions of law which may be resolved by this Court. Petitioner requests the Court declare the bond hearing void and order a constitutionally adequate hearing before another immigration judge.

Respondents request the petition be denied without prejudice because Petitioner's appeal to the Board of Immigration Appeals is pending. ECF No. 6. Respondents contend there is no reason to excuse exhaustion of remedies in this case and the Court should defer to the Board of Immigration Appeals.

EXHAUSTION OF REMEDIES

28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). Because exhaustion is not required by statute, it is not jurisdictional. *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990), *overruled on other grounds by Reno v. Koray*, 515 U.S. 50, 54-55 (1995).

Mr. H.D. contends he has exhausted administrative remedies because the record shows he appealed to the BIA. However, exhaustion is not completed by simply filing an appeal. Pursuit of habeas relief is only appropriate "[o]nce the BIA render[s] its decision." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). In *Leonardo*, the Ninth Circuit explained that the statutory and regulatory scheme of § 1226(a) entitles detainees to a bond hearing before an immigration judge. "If they are dissatisfied with the IJ's bond determination, they may file an

administrative appeal so that the necessity of detention can be reviewed by . . . the BIA [Board of Immigration Appeals]. If they remain dissatisfied, they may file a petition for habeas corpus in the district court." *Id.* (citation altered). Indeed,

> every principal published Ninth Circuit decision on this subject has usually involved review of a final BIA decision—not an IJ's order standing alone. *See, e.g., Martinez v. Clark*, 124 F.4th 775, 785–86 (9th Cir. 2024). And even when exhaustion is later excused (for reasons to be discussed below), the petitioner has still at least appealed to the BIA. *See, e.g., Singh v. Holder*, 638 F.3d 1196, 1200–01 (9th Cir. 2011). These cases thus recognize that direct review of immigration detention decisions belongs with the BIA in the first instance—not federal habeas courts.

*Liu v. Janecha*, 2026 WL 2178768, at *3–4 (C.D. Cal. July 27, 2026). Accordingly, Petitioner's failure to exhaust his BIA appeal means this habeas petition is likely premature.

If a petitioner has not exhausted his claims, the district court, in its discretion, may "determine whether to excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." *Brown*, 895 F.2d at 535. "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d

812, 815 (9th Cir. 2007) (internal citation and quotation marks omitted). The court may waive the exhaustion requirement when administrative remedies are inadequate, irreparable injury may occur without immediate judicial relief, or exhaustion otherwise would be futile. *Laing*, 370 F.3d at 1000-01 ("[D]istrict court's habeas jurisdiction under 28 U.S.C. § 2241 is ordinarily reserved for instances in which no other judicial remedy is available.").

The *Puga* factors do not support excusing Petitioner from the prudential exhaustion requirement. The first *Puga* factor is whether agency expertise is required to create a proper record and reach a proper decision. This Court has consistently held that where, as here, the petitioner is entitled to a bond hearing under section 1226, the first *Puga* factor weighs against prudential exhaustion. *See Okoth v. Kaiser*, No. 1:25-cv-1936-KES-SAB, 2026 WL 45199, at *3 (E.D. Cal. Jan. 7, 2026); *Hernandez Burruel v. Murray*, No. 1:25-cv-1569-DAD-AC, 2025 WL 3240356, at *3 (E.D. Cal. Nov. 20, 2025). Therefore, the first *Puga* factor weighs in favor of excusing Petitioner from the prudential exhaustion requirement.

However, the second and third *Puga* factors weigh against excusing Petitioner. On the second factor, relaxing the exhaustion requirements in this case would encourage others to immediately seek habeas review if they deem the federal courts to be a more sympathetic forum. *See Vig v. Albarran*, No. 1:26-cv-1252-DAD-JDP, 2026 WL 1346686, at *2 (E.D. Cal. May 14, 2026). As noted

above, bypassing BIA review is not appropriate and may lead others to seek similar improper relief. This factor favors requiring prudential exhaustion.

As to the third *Puga* factor, Petitioner does not demonstrate how administrative review would not allow the agency to correct its own mistakes, if any. The BIA "has the authority to correct the erroneous factual determinations and evidentiary errors alleged" by petitioner. *See Martinez v. Scott*, No. 2:25-cv-1538-TSZ-GJL, 2025 WL 2689844, at *5 (W.D. Wash. Aug. 27, 2025) (citing 8 C.F.R. § 1003.1(d)(3)(i)-(ii)). The BIA's review of the immigration judge's order would "allow the agency to correct its own mistakes" and potentially "preclude the need for judicial review." *See Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). While Petitioner attempts to distinguish his arguments as constitutional issues that cannot be decided by the BIA, the crux of Petitioner's arguments is that "the danger finding here rests on a vacated plea, a non-criminal diversion, a completely imaginary DUI, and an out-of-date Form I-213 that asserts a conviction the Government concedes does not exist." ECF No. 8 at 9. These are factual issues involving weighing of the evidence which are best reviewed by the proper authority, which is the BIA.

Furthermore, Petitioner's claim that counsel's invocation of the Fifth Amendment during the bond hearing led to a violation of due process does not excuse the failure to exhaust. In the civil immigration context, "there is no

prohibition against drawing an adverse inference when a petitioner invokes his Fifth Amendment right against self-incrimination." *Gutierrez v. Holder*, 662 F.3d 1083, 1091 (9th Cir. 2011). And "there is no rule of law which prohibits officers charged with the administration of the immigration law from drawing an inference from the silence of one who is called upon to speak." *Zuniga v. Garland*, 86 F.4th 1236, 1240 (9th Cir. 2023) (quoting *United States ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 154 (1923)). To the extent the immigration judge made a negative inference from counsel's invocation of privilege, this goes to weighing of the facts and is not a constitutional issue.

Lastly, Petitioner claims the bond determination did not reflect independent judgment and discretion required by 8 C.F.R. § 1003.10(b). Petitioner claims this is evidenced by "a one-word 'Danger' designation, unaccompanied by any finding of fact or statement of reasons." ECF No. 8 at 11. This argument is belied by the immigration judge's written memorandum explaining the basis for the danger finding. ECF No. 6-2.

As the *Puga* factors do not favor excusing Petitioner from the prudential exhaustion requirement, *Leonardo* controls. In *Leonardo*, the Ninth Circuit indicated that when a petitioner has not shown that his request should be excused from the prudential exhaustion requirement, nor that the proceeding should be stayed to permit him to exhaust the new claim, the petition should be dismissed

without prejudice. *Id*. at 1160-61. Accordingly, because Petitioner has not demonstrated that the prudential exhaustion requirement should be excused, the petition for writ of habeas corpus is dismissed without prejudice.

**Accordingly, IT IS ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus, **ECF No. 1**, is **DISMISSED** without prejudice.

2. Judgment shall be entered for Respondents.

**IT IS SO ORDERED.** The District Court Clerk is directed to enter this Order, provide copies to petitioner and counsel, and **CLOSE** the file.

DATED August 17, 2026.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE